UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH ELDRIDGE

        Plaintiff,

v.

CITY OF WARREN, PATRICK MOORE and
ROBERT HORLOCKER

        Defendants.

Case No. 10-12893
Honorable Julian Abele Cook, Jr.

ORDER

In his complaint, the Plaintiff, Ralph Eldridge, alleges that the Defendants, Patrick Moore and Robert Horlocker, both of whom are municipal law enforcement officers in the City of Warren, Michigan, violated his constitutional rights by using an impermissible amount of force in their collective effort to effectuate his arrest. Eldridge has also asserted a claim against the City of Warren, contending that it had improperly authorized these officers to apply an unconstitutional use of force against him at the time of his arrest. The relevant facts and history of this case have been described in detail in a previously issued order which granted in part and denied in part the Defendants' motion for summary judgment. *See Eldridge v. City of Warren*, No. 10-12893, 2012 WL 1048642 (E.D. Mich. March 28, 2012).

Currently before the Court is the Defendants' motion in limine which, if granted, would preclude the admission of evidence relating to (1) prior allegations of excessive force lodged against the Defendant officers, and (2) the documentation of taser deployments by members of the City of Warren Police Department. (Defs. Mot. Lim., ECF No. 58).

I.

Although neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence expressly provide for the exclusion of evidence in limine before trial, "[i]n general, federal district courts have the power to exclude evidence *in limine* pursuant to their inherent authority to manage trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). A court will generally reject a proffered motion in limine unless the moving party can satisfy "its burden of showing that the [targeted] evidence in question is clearly inadmissible." *Corporate Commc'n Servs. of Dayton, LLC v. MCI Commc'ns Servs., Inc.,* 2010 WL 1445169, *1 (S.D. Ohio Apr. 12, 2010) (citing *Indiana Insurance Co. v. General Electric Co.,* 326 F.Supp.2d 844, 846 (N.D.Ohio 2004)). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.*

If a court denies such a motion in limine, the evidence sought to be excluded by the motion will not necessarily be admitted at trial. *Id.* Indeed, a court is obliged to consider any objection raised at trial, "even if [it] falls within the scope of a motion in limine that has been [previously] denied." *Watts v. United Parcel Serv.*, 2013 WL 4776976, *1 (S.D. Ohio Sept. 5, 2013). Finally, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce,* 469 U.S. at 41-42.

II.

Initially, the Defendants' submit that the Court should exclude any potential evidence concerning prior allegations of excessive force against the individual officers. In the view of the Defendants, the Plaintiff will attempt to use this evidence as a suggestion that these law enforcement officers acted improperly on this particular occasion. In response, the Plaintiff points to Federal Rule

of Evidence 404(b) which provides that, although evidence of prior acts "is not admissible to establish the character of a person in order to show action in conformity therewith", it "may, however, be admissible for other purposes. . . ." In determining whether other acts evidence is admissible, the Sixth Circuit has promulgated a three-part test:

> *First,* the district court must decide whether there is sufficient evidence that the other act in question actually occurred. *Second,* if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character. *Third,* if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*United States v. Trujillo*, 376 F.3d 593, 605 (6th Cir. 2004) (emphasis supplied).

In *Franklin v. Messmer*, 111 F. App'x 386, 388 (6th Cir. 2004), the plaintiff sought to introduce a disciplinary complaint, as well as a variety of other prior acts evidence, which, if admitted, would suggest or establish that the defendant officer had engaged in excessive force in the past. On appeal, the Sixth Circuit affirmed the district court's decision to preclude the evidence, holding that because the plaintiff "wanted to enter [the officer's] prior conduct to demonstrate his underlying intent in arrests, i.e., his propensity for excessive force, the evidence was properly excluded." *Id.* Indeed, the reasonableness inquiry in an excessive force case is whether the officer's actions are "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* Thus, any request to introduce evidence of prior acts against an officer in an excessive force action must be carefully scrutinized under Rule 404.

Here, there has been no showing that the evidence of prior allegations of excessive force against these two officers would be relevant "for other purposes." In fact, beyond providing broad categorical descriptors, the Plaintiff has failed to (1) identify the proposed evidence with any level

of specificity or (2) articulate how it fits into one of exceptions under Rule 404(b). Moreover, even assuming, *arguendo*, that the evidence was properly admissible "for other purposes", the Plaintiff has failed to satisfy the other two prongs of *Trujillo*; namely, that (1) the prior acts "actually occurred", and (2) the probative value of the evidence is substantially outweighed by its potential prejudicial effect. As such, the Court must and does hold that evidence of prior instances of excessive force against these officers is barred by Rule 404(b). *See also Potvin v. City of Westland Police Dep't*, 05-CV-70291, 2007 WL 1975045, *2 (E.D. Mich. July 2, 2007) ("Since there has been no showing that evidence of citizen complaints or prior lawsuits would be relevant for other purposes, the Court holds that evidence of prior complaints or lawsuits against [the officer] is barred by Rule 404(b))."

The Defendants also seek to exclude evidence of prior taser deployments by members of the Warren Police Department. According to the Defendants, prior taser usage is wholly irrelevant to the issue of whether the City's custom or policy was the driving force behind the claimed constitutional violation in this action. The Plaintiff, on the other hand, maintains that the City's policy and actual practice with regard to tasers is at the very heart of its *Monell* claim.

The Sixth Circuit has identified four ways in which a plaintiff can prove the existence of an illegal policy or custom. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir.2005); namely, "(1) the government's legislative enactments or official policies; (2) the actions by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom or practice of tolerating the violation of federal rights by its officers or agents." *Lucier v. City of Ecorse*, 12-CV-12110, 2014 WL 1260651, *25 (E.D. Mich. Mar. 27, 2014) (citing *Id.*). Where no formal policy exists, the critical inquiry is whether there is a policy or a custom that, although not

explicitly authorized, "is so permanent and well settled as to constitute a custom or usage with the force of law." *Jones v. Muskegon County*, 625 F.3d 935, 946 (6th Cir.2010) (quoting *McClendon v. City of Detroit*, 255 F. App'x 980, 982 (6th Cir.2007)). Thus, it appears that a police department's historical practice is critical to proving the existence of an illegal policy or custom.

Here, the Plaintiff's claim appears to be based, at least in part, on the alleged failure by the City of Warren to train its officers on the proper procedures to be followed before deploying a taser. In order to succeed on a claim for failure to supervise or train, an aggrieved party must prove, *inter alia*, that the inadequate training resulted from the defendants' deliberate indifference. *Ellis v. Cleveland Municipal School Dist.*, 455 F.3d 690, 700 (6th Cir.2006). Furthermore, in an effort "to establish deliberate indifference, the plaintiff must show prior instances of unconstitutional conduct demonstrating that the [City] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Miller v. Sanilac County*, 606 F.3d 240, 255 (6th Cir.2010) (quotation marks and citations omitted). In light of the Plaintiff's burden, the Court is hard-pressed to imagine a category of documents more relevant than tangible examples of the City's policy, specifically relating to the use of tasers being executed in the field.

Nor does a careful analysis of *United States v. Trujillo*, 376 F.3d 593 (6th Cir. 2004), suggest that the targeted evidence should be excluded. Indeed, while the Plaintiff fails to specifically describe all of the "prior acts" in question, the Defendants do not dispute that the "City of Warren employs over 200 police officers and the Department has used (t)asers since 2006. [T]here were indeed numerous (t)aser deployments by Warren Police Officers in the three years before this

5

accident . . . ." (Def.'s Brf. 9, ECF No. 62).[1] Likewise, for reasons previously mentioned, the evidence at issue is both highly relevant to the Plaintiff's *Monell* claim and permissible for "other purposes" to establish the absence of mistake or accident. Finally, while there is undeniably some level of prejudice associated with the admission of this evidence, the Court finds that, based upon the limited record before it, the probative value of this information is substantially outweighed by the risk of unfair prejudice. Accordingly, the Court denies the Defendants' motion with respect to its request to preclude the admission of evidence of prior taser deployments by members of the Warren Police Department.[2]

### III.

For the reasons that have been stated above, the Defendants' motion in limine (ECF No. 58) is granted in part and denied in part. The motion is granted with respect to evidence of prior allegations of the use of excessive force against the Defendant officers. The motion is denied as it relates to evidence of taser deployments by the Warren Police Department which predate the filing of the complaint by the Plaintiff.

IT IS SO ORDERED.

Date: July 7, 2014                                  s/Julian Abele Cook, Jr.
                                                    JULIAN ABELE COOK, JR.
                                                    U.S. District Judge

---

[1] The Defendants are free to reassert their objection at trial to the extent that this element can be called into question.

[2] The Court recognizes that there is some danger that a jury may use evidence of prior taser deployments for purposes unrelated to determining the issue of the City's liability. If necessary, a limiting instruction will be provided to the jury explaining how this evidence may be used.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 7, 2014.

s/ Kay Doaks
Case Manager
