UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH E. ELDRIDGE,

        Plaintiff,                       Case No.: 10-12893

v.

                                       Honorable Victoria A. Roberts

CITY OF WARREN, a municipal corporation,
PATRICK MOORE and ROBERT HORLOCKER,
Individually and as agent employees of
Defendant City of Warren, Jointly and Severally,

        Defendants.

| Robin H. Kyle (P33330) | John J. Gillooly (P41948) |
|---|---|
| Attorney for Plaintiff | Jami E. Leach (P53524) |
| 615 Griswold, Suite 1120 | GARAN LUCOW MILLER, P.C. |
| Detroit, MI 48226 | Attorneys for Defendants |
| 313.961.3975 | 1000 Woodbridge Street |
|  | Detroit, MI 48207 |
|  | 313.446.5538 |
|  | 313.259.0450 (fax) |

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE
<u>EVIDENCE OF PRIOR TASER DEPLOYMENTS</u>**

      NOW COME Defendants, THE CITY OF WARREN, POLICE OFFICER PATRICK MOORE, AND POLICE OFFICER ROBERT HORLOCKER, by and through their attorneys, GARAN LUCOW MILLER, P.C., and for their Motion In Limine to Preclude Evidence of Prior Taser Deployments, state as follows:

      As more fully discussed in the accompanying brief, Defendants contend that the 28 "Use of Non-Lethal Force Reports" Plaintiff intends to introduce

regarding prior Taser deployments of the members of the Warren Police Department should be precluded for the reason that they are irrelevant under F.R.E. 401 to the Plaintiff's claim of municipal liability and, in any event, are substantially more prejudicial than probative under F.R.E. 403.

To the extent that any of the Use of Force reports are considered probative of Plaintiff's municipal liability claim, Defendants are entitled to offer into evidence the corresponding Incident Reports and related documents to rebut Plaintiff's claim.

In no event may Plaintiff offer video evidence of the unrelated March 2007 Taser deployment by Officer Moore (Incident 07-16516) as such evidence is not probative of Plaintiff's municipal liability claim and is substantially more prejudicial than probative.

WHEREFORE, Defendants request this Honorable Court grant their motion and enter an Order precluding any evidence of prior Taser deployments by members of the Warren Police Department or, at a minimum, permit Defendants to introduce the related Incident Reports.  Further, Defendants request this Honorable Court grant their motion and enter an Order precluding Plaintiff from introducing any video evidence of Incident 07-16516.

                                                  3

                                                 s/ Jami E. Leach  
                                                Garan Lucow Miller, P.C.  
                                                1000 Woodbridge Street  
                                                Detroit, MI  48207-3192  
                                                313.446.5538  
                                                E-mail: jleach@garanlucow.com  
                                                P53524

Dated:  March 31, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH E. ELDRIDGE,

        Plaintiff,                        Case No.: 10-12893

v.

                                        Honorable Julian Abele Cook
                                        Magistrate Judge Paul J. Komives

CITY OF WARREN, a municipal corporation,
PATRICK MOORE and ROBERT HORLOCKER,
Individually and as agent employees of
Defendant City of Warren, Jointly and Severally,

        Defendants.

| Robin H. Kyle (P33330) | John J. Gillooly (P41948) |
|---|---|
| Attorney for Plaintiff | Jami E. Leach (P53524) |
| 615 Griswold, Suite 1120 | GARAN LUCOW MILLER, P.C. |
| Detroit, MI 48226 | Attorneys for Defendants |
| 313.961.3975 | 1000 Woodbridge Street |
| | Detroit, MI 48207 |
| | 313.446.5538 |
| | 313.259.0450 (fax) |

**BRIEF IN SUPPORT OF
DEFENDANTS' MOTION IN LIMINE TO PRECLUDE
<u>EVIDENCE OF PRIOR TASER DEPLOYMENTS</u>**

# TABLE OF CONTENTS

**Page**

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Statement of Questions Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Controlling Authority. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Factual Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Legal Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Exhibit List. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Certificate of Service

# INDEX OF AUTHORITIES

**Page**

**Cases**

*City of Canton, Ohio v. Harris*,
    489 U.S. 378 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Connick v. Thompson*,
    131 S.Ct. 1350 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Harris v. City of Pagedale*,
    821 F.2d 499 (8th Cir.1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Mettler v. Whitledge*,
    165 F.3d 1197 (8th Cir.1999). . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Monell v. Dep't of Social Servs.*,
    436 U.S. 658; 98 S.Ct. 2018; 56 L.Ed.2d 611 (1978). . . . . . . .  iv, 3, 6

*Parrish v. Luckie*,
    963 F.2d 201 (8th Cir.1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Pinckney v. Traviglia*,
    2012 WL 4464562 (W.D. Mich. 2012). . . . . . . . . . . . . . . . . . . . 5, 6

*United States v. Ridling*,
    350 F.Supp. 90 (E.D. Mich. 1972). . . . . . . . . . . . . . . . . . . . . . . . 3

**Statutes / Court Rules / Other Authorities**

42 U.S.C. §1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv, 1, 3

Fed.R.Evid. 401. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv, 2

Fed.R.Evid. 402. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed.R.Evid. 403. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv, 3

Fed.R.Evid. 404. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

## **STATEMENT OF QUESTIONS PRESENTED**

Whether Plaintiff should be precluded from introducing evidence of 28 prior Taser deployments by members of the Warren Police Department because said evidence is irrelevant to the legal and factual issues in this case and more prejudicial than probative.

DEFENDANTS ANSWER: YES

PLAINTIFF ANSWERS: NO


Whether, if any evidence of the 28 prior Taser deployments is admitted, Defendants should be permitted to offer into evidence the corresponding Incident Reports and related documents.

DEFENDANTS ANSWER: YES

PLAINTIFF ANSWERS: NO


Whether Plaintiff should be precluded from introducing a video of a March 2007 Taser deployment by Officer Moore (Incident No. 07-16516).

DEFENDANTS ANSWER: YES

PLAINTIFF ANSWERS: NO

## **CONTROLLING AUTHORITY**

42 U.S.C. §1983

*Monell v. New York Dept. of Social Services,* 436 U.S. 658 (1978)

Fed.R.Evid. 401

Fed.R.Evid. 403

Fed.R.Evid. 404

**FACTUAL BACKGROUND**

Plaintiff initiated the instant action under 42 U.S.C. §1983, alleging a claim of excessive force against the defendant officers and a claim of municipal liability against the City of Warren.  During the course of discovery plaintiff requested documentation of all prior Taser deployments by all members of the Warren Police Department.  In response, defense counsel provided plaintiff's counsel with copies of all "Use of Non-Lethal Force Reports" involving Taser deployments by all Warren police officers from 2006 to the date of the subject incident.[1]

Based upon the contents of the Proposed Joint Final Pretrial Order, Plaintiff indicated his intent to introduce "Taser Documents" although he did not identify what those documents were.  Defendants filed a motion in limine seeking to preclude Plaintiff from introducing "Taser Documents" as well as to preclude Plaintiff from introducing evidence of prior complaints of excessive force against the defendant officers.

Judge Cook ruled that, for purposes of proving his claim of municipal liability, and subject to defendants' objection at trial, Plaintiff can offer documentation of prior Taser deployments by members of the Warren Police

---

[1] Defendants provided Plaintiff with 346 "Use of Non-Lethal Force Reports."

Department. (Doc # 66) However, Judge Cook has ruled that Plaintiff is precluded from offering at trial evidence of prior allegations of excessive force against the defendant officers. (Doc # 66)

Subsequent to Judge Cook issuing his decision, Plaintiff's counsel has finally identified 28 "Use of Non-Lethal Force Reports" which he intends to introduce as evidence at trial. Many of the proposed documents include prior Taser deployments by the defendant officers. In addition, Plaintiff's counsel has indicated his intent to introduce at trial a video-tape of a taser deployment by Officer Moore on March 30, 2007 (Incident 07-16516).

At a recent conference with the Court, counsel for defendants has indicated that, to the extent that any Use of Force report was admitted, she intends to introduce the Incident Reports and Interoffice Communications ("Form 50s") which correspond to each "Use of Non-Lethal Force Report" identified by Plaintiff. A copy of each "Use of Non-Lethal Force Report" and corresponding Incident Report/Form 50 have been submitted as Exhibit A and filed under seal for the Court's review.

## **LEGAL STANDARD**

Fed.R.Evid. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be

2

without the evidence." Fed.R.Evid. 402 provides that relevant evidence is admissible, and evidence which is not relevant is not admissible. Furthermore, Fed.R.Evid. 403 provides that, even if evidence is found to be relevant, it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice or misleading the jury. See *United States v. Ridling*, 350 F.Supp. 90, 95 (E.D. Mich. 1972) ("The court must always be alert to prevent the use of evidence that has marginal utility in the process of truth seeking if it is of such a nature so as to over-impress the jury.")

## **ARGUMENT**

Plaintiff seeks to impose liability on the City of Warren under 42 U.S.C. §1983 on the theory that the City of Warren failed to train its officers on the constitutional use of tasers and that the City has a custom, policy or practice of ignoring or tolerating unconstitutional uses of a taser by its officers. In order to sustain his theory, Plaintiff bears the burden of offering evidence to sufficiently establish a custom, policy or practice which was the moving force behind the allegedly unconstitutional use of force in this case. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2035-036, 56 L.Ed.2d 611 (1978). In order to sustain his burden, Plaintiff must necessarily submit evidence of prior instances of unconstitutional taser deployments and establish that the City was deliberately indifferent and ignored or tolerated this

3

conduct so that a reasonable juror could conclude that this custom of toleration was the motivating force behind Officers Moore and Horlocker's conduct in this case. When attempting to attach liability through a failure to train or supervise theory, it must be shown that the failure was a "deliberate" or "conscious" choice by the municipality. See *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989).

Based upon the contents of the proposed joint final pretrial order, plaintiff claims that the City of Warren implemented a use of force policy that allowed its police officers to Taser a subject where the subject was passively resisting and/or unable to comply with commands due to illness. Plaintiff also claims that the City of Warren failed to properly train its officers to recognize diabetic hypoglycemia and not use a Taser or other excessive force on sick individuals.

Importantly, the video of the subject incident will reveal that plaintiff's resistance was more than passive. That being said, the issue of whether the use of force policy in effect at the time of the incident was unconstitutional, and whether that policy was the moving force behind the officers' alleged constitutional violations is determined not by what other officers may have done under other circumstances, but by what these officers actually did. Moreover, prior Taser deployments by other members of the police

4

department are wholly irrelevant to the issue of whether there was a need for specialized training regarding recognizing diabetic hypoglycemia and not using a Taser or other excessive force on sick individuals, where there is no evidence that there was a pervasive use of Tasers on such persons.

In fact, discovery has revealed that there were no such incidents and review of the 28 Use of Force reports identified by Plaintiff evidences that these incidents do not involve subjects who were passively resisting and/or unable to comply with commands due to illness. The reports identified by Plaintiff involve physical resistance by suspects and/or suspects attempting to flee from the officers. An officer's use of a taser under the circumstances identified in these reports does not support Plaintiff's theory of municipal liability and can therefore only be more prejudicial than probative. See *Pinckney v. Traviglia*, 2012 WL 4464562 (W.D. Mich. 2012) (citing *Connick v. Thompson*, 131 S.Ct. 1350 (2011) and rejecting the plaintiff's municipal liability claim where nine other alleged incidents did not involve the use of force under circumstances similar to the plaintiff's incident so as to put the city on notice of its need to train its officers or to constitute a custom of tolerating unconstitutional conduct by its officers) (Attached as Exhibit B). As such, the documents proposed by Plaintiff as evidence should be excluded.

5

At a minimum, in the event that any or all of the 28 Use of Force reports are allowed to be presented to the jury, defendants must be permitted to offer as evidence the Incident Reports and Form 50s relating to those incidents. To the extent that a Warren officer's prior use of a Taser is relevant at all to the existence of a constitutionally violative custom, policy or practice of the City which was a moving force behind the allegedly excessive force involving Plaintiff, the prior use of force must necessarily involve factually similar circumstances and have been an objectively unreasonable use of force under the circumstances presented. *Pinkney, supra.* The only way to inform the jury of the factual circumstances surrounding the prior taser deployment - short of calling as a witness each suspect and participating/ investigating officer - is to admit the Incident Report as evidence.

Although courts have held municipalities liable under *Monell* when the plaintiff has produced evidence of prior complaints sufficient to demonstrate that the municipalities and their official ignored police misconduct, those cases involve "detailed and compelling" evidence regarding prior misconduct and the city's failure to investigate or punish that conduct. See *Mettler v. Whitledge*, 165 F.3d 1197, 1205 (8th Cir.1999) (citing *Parrish v. Luckie*, 963 F.2d 201, 204–05 (8th Cir.1992) (reviewing the "detailed and compelling" evidence the plaintiff presented that the defendant police department avoided,

6

ignored, and covered up complaints of physical and sexual misconduct by officers); *Harris v. City of Pagedale*, 821 F.2d 499, 501–06 (8th Cir.1987) (finding plaintiff had proven a municipal custom through the presentation of detailed evidence regarding the particular police officer's previous misconduct, and the city's failure to investigate or punish that conduct). The bare fact of a prior taser deployment as reflected on a Use of Force report is not adequate to demonstrate a continuing, widespread, persistent pattern of excessive force - Plaintiff necessarily needs to establish that the deployment was constitutionally violative and that such conduct was ignored or tolerated by the City of Warren.  See *Mettler*, 165 F.3d at1204–05.  Defendants must be able to introduce the Incident Reports in order to provide the detailed information required.

In no event should Plaintiff be permitted to show the jury a video of the Taser deployment by Officer Moore in March of 2007 in the jail (Incident No. 07-16516).  First, as discussed above, this incident is completely factually distinguishable from the incident at issue and is, therefore, wholly irrelevant to Plaintiff's municipal liability claim.  The suspect was physically resisting the officers, was verbally and physically belligerent and was unquestionably and severely intoxicated.  He was not passively resisting arrest nor was he undergoing any type of medical illness.  Accordingly, the incident is not

7

probative of Plaintiff's claim.  To the extent that the use of the Taser in this incident is at all probative of the City's municipal liability, the prejudice resulting from showing the jury a video of an unrelated incident substantially outweighs any probative value.  The only purpose of using the video (either in place of or in addition to the Use of Force and Incident Reports) would be to inflame the jury and prejudice the jury against Officer Moore for his use of a Taser in this action.

     WHEREFORE, Defendants request this Honorable Court grant their motion and enter an Order precluding any evidence of prior Taser deployments by members of the Warren Police Department or, at a minimum, permit Defendants to introduce the related Incident Reports.  Further, Defendants request this Honorable Court grant their motion and enter an Order precluding Plaintiff from introducing any video evidence of Incident 07-16516.

                                                            s/ Jami E. Leach
                                                   Garan Lucow Miller, P.C.
                                                   1000 Woodbridge Street
                                                   Detroit, MI  48207-3192
                                                   313.446.5538
                                                   E-mail: jleach@garanlucow.com
                                                   P53524

Dated:  March 31, 2015
1211312.1

8

## **EXHIBIT LIST**

Exhibit A          "Use of Non-Lethal Force Report" and corresponding Incident Report/Form 50 - filed under seal for the Court's review

Exhibit B          *Pinckney v. Traviglia*, 2012 WL 4464562 (W.D. Mich. 2012)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CERTIFICATE OF SERVICE**

    I hereby certify that on **March 31, 2015**, my assistant, Megan Thill, electronically filed the foregoing document with the Clerk of the Court using the ECF System which will send notification of such filing to the following:

  Robin H. Kyle (P33330)
  Attorney for Plaintiff
  jcdrhk@msn.com

and I hereby certify that on **March 31, 2015**, my assistant, Megan Thill, mailed by United States Postal Service the paper to the following non-ECF participants, with full legal postage prepaid thereon and deposited in the United States mail:  **N/A**

                              s/ Jami E. Leach
                              Garan Lucow Miller, P.C.
                              1000 Woodbridge Street
                              Detroit, MI  48207-3192
                              313.446.5538
                              E-mail: jleach@garanlucow.com
                              P53524