UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH E. ELDRIDGE,

               Plaintiff,

v.                                          Case No.: 10-12893

                                          Honorable Victoria A. Roberts

CITY OF WARREN, a municipal corporation,
PATRICK MOORE and ROBERT HORLOCKER,
Individually and as agent employees of Defendant City of Warren,
Jointly and Severally,

               Defendants.

---

| | |
|---|---|
| Robin H. Kyle (P33330) | John J. Gillooly (P41948) |
| Attorney for Plaintiff | Jami E. Leach (P53524) |
| 615 Griswold, Suite 707 | GARAN LUCOW MILLER, P.C. |
| Detroit, MI 48226 | Attorneys for Defendants |
| 313.961.3975 | 1000 Woodbridge Street |
| | Detroit, MI 48207 |
| | 313.446.5538 |
| | 313.259.0450 (fax) |

---

## PLAINTIFF'S OPPOSITION RESPONSE TO DEFENDANTS' SECOND MOTION IN LIMINE TO PRECLUDE EVIDENCE OF PRIOR TASER DEPLOYMENTS

**NOW COMES** RALPH E. ELDRIDGE, Plaintiff in the above-captioned matter, by and through his attorney, Robin H. Kyle, and hereby files this response in opposition to Defendant's Motion In Limine to Preclude Evidence of Prior Taser Deployments. For reasons already articulated in Plaintiff's pending Motion In Limine Precluding Evidence of Undisclosed Incident Reports & Inter-Department

1

Communications, Defendant's Motion is without merit and should be denied.

Furthermore, the issue of admission of evidence of prior taser deployments has

already been fully addressed by this Court. As this Court has already noted

respecting Defendant's prior *Motion In Limine To Preclude Evidence of Prior*

*Incidents:*

> Currently before the Court is the Defendants' motion in limine which, if granted, would preclude the admission of evidence relating to (1) prior allegations of excessive force lodged against the Defendant officers, and (2) the documentation of taser deployments by members of the City of Warren Police Department. (Defs. Mot. Lim., ECF No. 58).

> See Court Order July 7, 2014 p 1.

In disposing of the Defendants' current argument (fully contained in

Defendants' prior motion in limine), this Court ruled, in part as follows:

> Accordingly, the Court denies the Defendants' motion with respect to its request to preclude the admission of evidence of prior taser deployments by members of the Warren Police Department.

> *Id.*, p 6.

This Court further commented in a footnote (disposing of the concerns and

arguments expressed in the Defendants' current motion), as follows:

> The Court recognizes that there is some danger that a jury may use evidence of prior taser deployments for purposes unrelated to determining the issue of the City's liability. If necessary, a limiting instruction will be

2

provided to the jury explaining how this evidence may
be used.

*Id.*, p 6, FN 2.

Indeed, the only argument contained in Defendants' current motion

in limine that was not disposed of by this Court's prior ruling on

Defendants' first motion in limine, is Defendant's attempt to use

*Incident Reports and related documents*.  See Def Mot p 2. Defendants'

attempt to utilize *Incident Reports and related documents,* is fully

addressed in Plaintiff's pending Motion In Limine Precluding Evidence of

Un-disclosed Incident Reports & Inter-department Communications.

.    **WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter

an Order denying Defendants' Motion In Limine To Preclude Evidence of Prior

Taser Deployments and further prelude the Defendants' from introducing into

evidence any and all Incident Reports, Inter-department Communications and

Memorandums that Defendants have not previously produced through discovery or

in Rule 26 disclosures. Alternatively, if this Court allows Defendants to introduce

previously un-disclosed documents, the Court should condition their introduction

upon the immediate production of any and all related dash cam videos and further

require the contemporaneous introduction of said videos with said previously

undisclosed Incident Reports. This Court should further enter an Order requiring the Defendants to pay Plaintiff's counsel the reasonable expenses, including attorney fees caused by Defendants' failure to make the disclosures.

April 7, 2015

/s/ Robin H. Kyle
Robin H. Kyle
Attorney for Plaintiff
615 Griswold, Suite 707
Detroit, Michigan 48226
313-961-3975
jcdrhk@msn.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH E. ELDRIDGE,

              Plaintiff,

v.                                          Case No.: 10-12893

                                          Honorable Victoria A. Roberts

CITY OF WARREN, a municipal corporation,
PATRICK MOORE and ROBERT HORLOCKER,
Individually and as agent employees of Defendant City of Warren,
Jointly and Severally,

              Defendants.

---

| | |
|---|---|
| Robin H. Kyle (P33330) | John J. Gillooly (P41948) |
| Attorney for Plaintiff | Jami E. Leach (P53524) |
| 615 Griswold, Suite 707 | GARAN LUCOW MILLER, P.C. |
| Detroit, MI 48226 | Attorneys for Defendants |
| 313.961.3975 | 1000 Woodbridge Street |
| | Detroit, MI 48207 |
| | 313.446.5538 |
| | 313.259.0450 (fax) |

---

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE PRECLUDING EVIDENCE OF PREVIOUSLY UNDISCLOSED INCIDENT REPORTS & INTER-DEPARTMENT COMMUNICATIONS

## TABLE OF CONTENTS

**Statement of Question Presented** ........................................................................ 8

**Index of Authorities** ........................................................................................ 7

**Facts** ............................................................................................................. 10

**Argument** ...................................................................................................... 11

**Controlling Authority** .................................................................................... 9

**Relief** ............................................................................................................ 15

## INDEX OF AUTHORITIES

*Corporate Comm'n Servs. of Dayton, LLC v. MCI Comm'ns Servs., Inc.,* 2010
WL 1445169, *1 (S.D. Ohio Apr. 12, 2010) ...................................................12

*Indiana Insurance Co. v. General Electric Co.,* 326 F.Supp.2d 844, 846 (N.D.Ohio
2004)..........................................................................................................................11

*Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984) 2004 ...............................12

*United States v Trujillo*, 376 F. 3rd 593, 2004
U.S. LEXIS 15142, 2004 ...................................................................................8

*Watts v. United Parcel Serv.*, 2013 WL 4776976, *1
(S.D. Ohio Sept. 5, 2013)...................................................................................12

FRCP 26 (a) .........................................................................................................14

FRCP 37 ...........................................................................................................14, 15

Fed. R. Evid. 403................................................................................................13

FRE 404 (b) .......................................................................................................9, 15

7

## <u>STATEMENT OF QUESTIONS PRESENTED</u>

Whether Defendant should be precluded from introducing all evidence of previously undisclosed Incident Reports and related documents respecting the Non-Lethal Force Reports for taser deployments by members of the Warren Police Department.

PLAINTIFF ANSWERS:  Yes.

DEFENDANTS ANSWER:  No.


Whether the Defendants' current motion in limine seeking to preclude evidence of prior taser deployments has already been denied by this Court.

PLAINTIFF ANSWERS:  Yes.

DEFENDANTS ANSWER:  No.

## <u>CONTROLLING AUTHORITY</u>

*United States v. Trujillo*, 376 F.3d 593, 2004 U.S. App. LEXIS 15142, 2004

FED App. 0234P (6th Cir.), 65 Fed. R. Evid. Serv. (Callaghan) 53 (6th Cir. Mich.

2004)

FRCP 26(a)

FRCP 37(c)

Fed. R. Evid. 403

Fed. R. Evid. 404(b)

## FACTS

Before this Court is Defendant's second attempt to preclude all evidence of prior taser deployments by Warren police officers. Def Mot passim. But this Court has already ruled that evidence of prior taser deployments by the Defendants may be introduced into evidence to show the Defendant implemented an unconstitutional policy of allowing its officers to use excessive force in effectuating an arrest. In part this Court has said:

> In light of the Plaintiff's burden, the Court is hard-pressed to imagine a category of documents more relevant than tangible examples of the City's policy, specifically relating to the use of tasers being executed in the field.

> See Order Re: Motion In Limine, July 7, 2014, p 5.

This Court has therefore already and specifically dealt with the primary issues raised by the Defendants' current motion in limine. Specifically, the Court has fully addressed the issue of use of Evidence of Prior Taser Deployments, which is the heart of Defendants' current motion in limine. The Court's prior ruling on this issue states in part:

> Accordingly, the Court denies the Defendants' motion with respect to its request to preclude the admission of evidence of prior taser deployments by members of the Warren Police Department.

> See Court Order July 7, 2014 p 6.

Subsequent, to the Court's previous ruling on this issue and in furtherance of

10

an email dated March 9, 2015, Defense counsel advised Plaintiff's counsel of

Defendants' intention to introduce into evidence the Incident Reports and Inter-

Department Communications, respecting the *evidence of prior taser deployments*.

These Incident Reports and Inter-Department Communications, were first

disclosed to Plaintiff's counsel in connection with the aforementioned email of

March 9, 2015.

These Incident Reports had not been previously disclosed through discovery.

Plaintiff's counsel first saw the reports in question on or about March 9, 2015.

Additionally, many of the Incident Reports make reference to dash cam videos

pertaining to the events that precipitated the police officer's use of a taser. The

dash cam videos have also not been produced.

Plaintiff has already filed a motion in limine respecting Defendants' recently

expressed intention to use the Incident Reports.  Plaintiff's motion on this issue

was filed on March 30, 2015, and is pending before this Court. Plaintiff's

arguments seeking to preclude the use of these documents is incorporated herein

by reference.

## **ARGUMENT**

As this Court has already noted, neither the Federal Rules of Civil  Procedure

nor the Federal Rules of Evidence expressly provide for the exclusion of evidence

in limine before trial.  However, "[i]n general, federal district courts have the power to exclude evidence *in limine* pursuant to their inherent authority to manage trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). A court will generally reject a proffered motion in limine unless the moving party can satisfy "its burden of showing that the [targeted] evidence in question is clearly inadmissible." *Corporate Commc'n Servs. of Dayton, LLC v. MCI Commc'ns Servs., Inc.,* 2010 WL 1445169, *1 (S.D. Ohio Apr. 12, 2010) (citing *Indiana Insurance Co. v. General Electric Co.,* 326 F.Supp.2d 844, 846 (N.D.Ohio 2004)). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.*

If a court denies such a motion in limine*,* the evidence sought to be excluded by the motion will not necessarily be admitted at trial. *Id.* Indeed, a court is obliged to consider any objection raised at trial, "even if [it] falls within the scope of a motion in limine that has been [previously] denied." *Watts v. United Parcel Serv.*, 2013 WL 4776976, *1 (S.D. Ohio Sept. 5, 2013). Finally, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce,* 469 U.S. at 41-42.

Moreover, as this Court has already ruled on the issue of *prior taser de-*

*ployments,* Defendant's current motion in limine should be denied. Indeed, the Court has specifically stated that evidence of prior taser deployments may be used at trial. In part this Court has already ruled:

> . . . the Court denies the Defendants' motion with respect to its request to preclude the admission of evidence of prior taser deployments by members of the Warren Police Department.
>
> *Id.*, p 6.

The Court has further already disposed of the argument in Defendants' latest motion in limine, to the effect that admission of evidence of prior taser deployments, *are substantially more prejudicial than probative under F.R.E. 403.* See Def Mot p 2. In addressing and rejecting Defendants' 403 argument, this Court noted:

> The Court recognizes that there is some danger that a jury may use evidence of prior taser deployments for purposes unrelated to determining the issue of the City's liability. If necessary, a limiting instruction will be provided to the jury explaining how this evidence may be used.
>
> *Id.*, p 6. FN 2.

Therefore, the Defendants' arguments and most recent motion in limine, seeking to preclude evidence of prior taser deployments has already been considered and denied by this Court. There is nothing new in Defendants' current motion on this issue and the Motion should be

13

denied.

**I.  Under FRCP 26(a) & FRCP 37(c) The Defendants Are Not Entitled To Offer Into Evidence Any Corresponding But Non-Disclosed Incident Reports And Related Documents To Rebut Plaintiff's Claims.**

Defendants' current effort to preclude Plaintiff from introducing evidence of prior taser deployments, also seeks to introduce *into evidence corresponding Incident Reports and related documents to rebut Plaintiff's claim*. See Def Mot p 2.  This aspect of Defendants' Motion should also be denied for reasons already articulated in Plaintiff's pending Motion In Limine.  Plf Mot In Limine, passim. Plaintiff incorporates by reference the arguments contained in his pending motion in limine, in response to Defendants' attempt to introduce these previously undisclosed documents. *Id*.

Without regurgitating those arguments here, it is enough to say that FRCP 26 (a) requires the voluntary disclosure of certain documents, even without a formal discovery request. Rule 26 (a) provides in part:

> .  .  . a party must, without waiting a discovery request, provide the other parties:
>
> (ii) a copy-or a description by category and location-of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claim or defense, unless the use would be solely for impeachment.
>
> *Id.*

And, FRCP 37(c) provides in part:

> If a party fails to provide information or identify a witness
> as required by Rule 26(a) or (e), the party is not allowed to
> use that information or witness to supply evidence . . . at a
> trial, unless the failure was substantially justified or is harmless.

Rule 37(c) further provides that the Court may in lieu of or in addition to the

sanction of exclusion, order the payment of reasonable attorney fees caused by the

failure; and *may inform the jury of the party's failure;* or *may impose other*

*appropriate sanctions.  Id.*[1]

## RELIEF

Defendants' attempt to use these documents, that should have been disclosed

years ago, is not permitted under the provisions of FRCP 26 (a) and FRCP 37. For

the reasons more fully discussed in Plaintiff's pending motion in limine, the Court

should enter an Order denying Defendants' Motion In Limine and preclude the

introduction into evidence of the Incident Reports and related Inter-Department

Communications.

---

[1] Even in the event that this Court does not impose the sanction of exclusion, the
Court would then have to conduct an admissibility analysis under FRE 404 (b) and
*United States v. Trujillo,* 376 F.3d 593, Sixth Circuit 2004. The 404(b)/*Trujillo/in-limine* scenario requires a three-part analysis: **(1)** whether there is sufficient
evidence that the act in question actually occurred **(2)** whether the evidence of the
other act is probative of a material issue other than character and **(3)** whether the
probative value of the evidence is substantially outweighed by its potential
prejudicial effect.

April 7, 2015

/s/ Robin H. Kyle
Robin H. Kyle
Attorney for Plaintiff
615 Griswold, Suite 707
Detroit, Michigan 48226
313-961-3975
jcdrhk@msn.com

16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH E. ELDRIDGE,

                    Plaintiff,

v.                                            Case No.: 10-12893

                                              Honorable Victoria A. Roberts

CITY OF WARREN, a municipal corporation,
PATRICK MOORE and ROBERT HORLOCKER,
Individually and as agent employees of Defendant City of Warren,
Jointly and Severally,

                    Defendants.

---

| | |
|---|---|
| Robin H. Kyle (P33330) | John J. Gillooly (P41948) |
| Attorney for Plaintiff | Jami E. Leach (P53524) |
| 615 Griswold, Suite 707 | GARAN LUCOW MILLER, P.C. |
| Detroit, MI 48226 | Attorneys for Defendants |
| 313.961.3975 | 1000 Woodbridge Street |
| | Detroit, MI 48207 |
| | 313.446.5538 |
| | 313.259.0450 (fax) |

---

# CERTIFICATE OF SERVICE

       I hereby certify that on April 7, 2015, I electronically filed and served the foregoing document using the Court's ECF system with service of such filing via email upon the following defense counsel of record:

       Jami E. Leach

                                             /s/ Robin H. Kyle
                                           Robin H. Kyle